**Edward R. KRESS, Administrator of the Estate of Anna C. Kress, deceased**

v.

**UNITED STATES of America.**

**Civ. A. No. 80–218.**

United States District Court, E.D. Pennsylvania.

June 18, 1984.

Edward R. Kress, pro se.

Joseph M. Masiuk, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

■ Plaintiff, Edward R. Kress, filed the instant action seeking to recover for his wife's death which he alleges was caused by the swine flu vaccine. The National Swine Flu Immunization Program Act of 1976 (Act), 42 U.S.C. § 247b, creates a cause of action against the United States for any personal injury or wrongful death sustained as a result of a swine flu vaccination. 42 U.S.C. § 247b(k)(2)(A). It adopts the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, as the vehicle for all such claims made pursuant to its provisions. The FTCA directs that liability be determined according to "the law of the place where the act or omission occurred". 28 U.S.C. § 1346(b). Accordingly, since "the Swine Flu Act incorporates by reference the liability provisions of the FTCA, state law standards also apply to claims brought under [it]". *Petty v. United States*, 679 F.2d 719, 726 (8th Cir. 1982); *McDonald v. United States*, 555 F.Supp. 935, 962 (M.D.Pa.1983).

■ The complaint alleges that plaintiff's decedent contracted Landry-Guillain-Barre Syndrome (GBS) as a result of an injection of the swine flu vaccine and that the disease led to her death approximately six months later. It further alleges that her death was caused by the defendant's negligence in promoting the injection to the general public and failing to warn of its possible side effects. All of the acts or omissions in issue are alleged to have taken place in Pennsylvania. Consequently, we must consider plaintiff's claim in light of Pennsylvania law.

We called this case for a non-jury trial on June 13, 1984. Plaintiff faced the burden of proving that his decedent was afflicted with GBS and that her condition was caused by the swine flu vaccine. At the conclusion of the plaintiff's case, the defendant moved for an involuntary dismissal pursuant to FED.R.CIV.P. 41(b). We will grant the motion.

The evidence presented by the plaintiff consisted solely of his testimony regarding his wife's condition following her injection with the swine flu vaccine, his belief that her condition was GBS, and his conclusion that its cause was the vaccination. He based his testimony on his personal observations and knowledge of his wife of fifty-three years, his analysis of his wife's medical records, and his interpretation of literature on GBS supplied to him by, among others, the Center for Disease Control in Atlanta, Georgia. Plaintiff testified that he had no medical training and did not profess to be a doctor. He further testified that his wife's condition was never diagnosed by any doctor as GBS. He admitted that no autopsy was performed on his wife following her death and that the cause of death listed in her medical records is cardiac arrest.

In its motion for dismissal under Rule 41(b), the defendant challenges neither the accuracy of the *factual* observations testified to by the plaintiff nor his credibility. The defendant contends that, under Pennsylvania law, the plaintiff's failure to produce expert medical testimony on the issues of both the existence of GBS and its causal connection to the swine flu vaccine entitle it to dismissal.

In *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280, 1285 (1978), the Supreme Court of Pennsylvania held

Although in certain situations involving physical injury, it is possible for a [trier of fact] reasonably to infer causation from the circumstances of an accident or an occurrence, it is generally acknowledged that the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average lay person. For a plaintiff to make out his cause of action in such a case, therefore, the law requires that expert medical testimony be employed. [citations omitted].

The instant case is precisely the type of case to which the *Hamil* court referred. Absent expert medical testimony on the very issues in question in this case, plaintiff cannot make out his cause of action. Circumstantial evidence is ineffective where, as here, the conclusions to be drawn therefrom transcend the realm of understanding attributable to a layperson.

Therefore, the defendant is entitled to a dismissal under FED.R.CIV.P. 41(b) as a matter of law.